UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| ARRON MICHAEL LEWIS,<br><br>　　Petitioner,<br><br>v.<br><br>WARDEN LeMASTERS, *et al.*,<br><br>　　Respondents. | No. 7: 23-CV-015-REW<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

Petitioner Arron Michael Lewis is a federal prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Lewis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* DE 1. Lewis neither paid the $5.00 filing fee as required by 28 U.S.C. § 1914, nor filed a motion to proceed *in forma pauperis*.

Even so, the Court will proceed with conducting the initial screening of Lewis's § 2241 habeas petition as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In the § 2241 petition, Lewis claims to be "a transgender inmate (male to female)" diagnosed with gender dysphoria. *See* DE 1 at p. 5. Lewis claims to have requested "reasonable

1

accommodations," including "single-cell accommodations, exceptions for visual searches, and private showers," and has been denied, even though these accommodations have been provided to other transgender inmates within the Bureau of Prisons ("BOP"). *Id*. Lewis claims to be at a high risk for sexual assault by other inmates, yet the Designation and Sentence Computation Center ("DSCC") and Transgender Executive Counsel ("TEC") have denied Lewis a transfer to a "soft" yard U.S. Penitentiary where transgender inmates can safely be in general population. *Id*. at p. 5-6. Lewis also claims to have attempted to apply for a program within the BOP called "Life Connections," but was denied and told that "they don't let transgenders apply for Life Connections at Big Sandy." *Id*. at p. 7. Based on these allegations, Lewis brings claims of discrimination under the Rehabilitation Act and the Americans with Disabilities Act, as well as for violations under the Eighth Amendment. As relief, Petitioner requests that the Court order the BOP to grant Lewis the requested accommodations, to transfer Lewis to an institution "that is reasonably safe for a transgender inmate to be in general population," and to allow Lewis to apply for Life Connections. *Id*. at p. 8.

However, Lewis's § 2241 petition will be denied because Lewis's claims for relief are not cognizable in a habeas proceeding. Lewis's concerns relate not to the duration of the imposed sentence, but to the conditions of confinement, and therefore must be pursued (if at all) as a civil rights action filed pursuant to 28 U.S.C. § 1331. *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. 2009) (because the petitioner's claims challenging security classification and place of confinement "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331."). *See also Wilson v. Williams*, 961 F.3d 829, 837-838 (6th Cir. 2020)

(noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

For these reasons, Lewis's § 2241 petition will be denied without prejudice to the right to assert these conditions of confinement claims in a civil complaint. To pursue these claims, Lewis must initiate a new civil action by filing a formal complaint on a Court-approved form, Fed. R. Civ. P. 3; Local Rule 5.3 (a), and paying the $350.00 filing fee and the $52.00 administrative fee. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. If Lewis cannot afford to pay the entire filing fee, the inmate may file a motion to pay it in installments under 28 U.S.C. § 1915.[1] To file such a motion, Lewis must obtain a certified statement of inmate trust fund account from appropriate prison staff. 28 U.S.C. § 1915(a)(2); Local Rule 5.4(a)(2). The Court will direct the Clerk of the Court to forward copies of the required forms to Lewis for use in filing a civil complaint, should the inmate so choose.

Accordingly, it is hereby **ORDERED** as follows:

---

[1] Section 1915 does not permit Lewis to avoid paying the filing fee. Rather, it simply permits Lewis to file a motion to pay the fee over time instead of paying the full amount of the fee immediately upon filing a complaint. 28 U.S.C. § 1915(b).

1. Lewis's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, DE 1, is **DENIED WITHOUT PREJUDICE** to the right to assert the stated claims in a civil complaint;

2. The Court will enter an appropriate judgment;

3. This matter is **STRICKEN** from the Court's docket;

4. The Clerk of the Court shall send Lewis **blank** copies of the following: (1) a Civil Rights Complaint Form [E.D. Ky. 520 Form]; (2) an Affidavit of Assets/In Forma Pauperis Application [AO-240 Form]; and (3) a Certificate of Inmate Account Form [E.D. Ky. 523 Form]; and

5. To pursue Lewis's conditions of confinement claims, Lewis must complete the forms and file a **new** action in accordance with the instructions set forth above. The complaint **should not** be filed in this case using this case number.

This the 23rd day of March, 2023.

Signed By:
*Robert E. Wier*
United States District Judge